IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GARY ANTHONY COLE, SR, 22707-077** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | 3:13-CV-1819-B-BK |
| § | | |
| **FRITO LAYS, et al.,** § | | |
| **Defendants.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner, filed a *pro se Motion to File a Lean [sic], Under Fraudullant [sic] and Conceallment [sic], Theft, Lying and Covering Up, to Violate Patent and Trademark, Invention and United States Constitutional Rights* against Frito Lays, Taco Bell, Pepsi Co., and Yum Brands. Plaintiff impliedly requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

The United States Court of Appeals for the Fifth Circuit previously found Plaintiff was barred by three strikes. *In re Gary Anthony Cole*, No. 03-10745 (5th Cir. Feb. 3, 2004) (unpublished) (*see* attachment) (collecting prior strikes and dismissals under section 1915(g)). Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this

action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the motion/complaint presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). The motion/complaint asserts only claims related to an alleged fraud and concealment related to "taco shells made of Dorito flavors." (Doc. 3 at 1-4). Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee. [1]

SIGNED May 21, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.** As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See* id. The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT

U. S. COURT OF APPEALS
**FILED**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FEB 3 2004

CHARLES R. FULBRUGE III
CLERK

No. 03-10745
USDC No. 4:98-CV-837
USDC No. 4:98-CV-838
USDC No. 4:98-CV-839
USDC No. 4:98-CV-840

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 9 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN RE:

GARY ANTHONY COLE,

Petitioner.

---

Petition for a Writ of Mandamus
to the United States District Court
for the Northern District of Texas

---

O R D E R:

Gary Anthony Cole, federal prisoner #22707-077, has submitted to this court a pro se petition for a writ of mandamus. He seeks leave to file his petition in forma pauperis (IFP). Cole has, while incarcerated or detained, filed at least three civil actions or appeals in a court of the United States that have been dismissed for frivolousness, maliciousness, or failure to state a claim. See Cole v. Curtis, No. 4:98-CV-837 (N.D. Tex. Apr. 28, 1999); Cole v. Peavy, No. 4:98-CV-838 (N.D. Tex. Jan. 14, 2000), appeal dismissed, No. 00-10299 (5th Cir. Aug 10, 2000); Cole v. Power, No. 4:98-CV-839 (N.D. Tex. Jan. 14, 2000), appeal dismissed, No. 00-10294 (5th Cir. June 21, 2000); Cole v. Ware, No. 4:98-CV-840 (N.D. Tex. June 7, 2000). Cole is thus barred

under the three-strikes provision in 28 U.S.C. § 1915(g) from proceeding IFP in any civil action filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). We reject Cole's argument that the three-strikes bar does not apply in this case. We also reject Cole's argument that he need not pay a filing fee for his mandamus petition because he already paid to file his case in district court and on appeal.

Moreover, Cole's unsupported allegation that he is suffering imminent danger and serious injury is insufficient to establish that at the time he filed his motion to proceed IFP, he faced an "imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g). See Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

Cole's motion for leave to proceed IFP is DENIED. If he wishes to pursue his mandamus petition, Cole must pay the full $100 filing fee to the clerk of this court within 30 days of the date of this order. The clerk is directed to dismiss Cole's petition if he does not make such payment within 30 days.

_____
UNITED STATES CIRCUIT JUDGE

U.S. Court of Appeals, Fifth Circuit

_____
Deputy

New Orleans, Louisiana        FEB 3 2004